IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**PHILLIP DAUGHTRY**
  **DC# K53079**
  **Plaintiff,**

v.           3:09-cv-67-J-32JRK

**SGT. KENT, et al.,**
  **Defendant(s),**
_____/

**DEFENDANTS' RESPONSE TO THE PLAINTIFF'S MOTION FOR AN ORDER COMPELLING DISCOVERY**

COMES NOW Defendants, by and through undersigned counsel and pursuant to M.D. Fla. Loc. R. 3.01, submit this response in opposition to the Plaintiff's Motion for an Order Compelling Discovery (doc. 41) and states as follows:

**STATEMENT OF FACTS**

1. Plaintiff has filed a 1983 action against several Department staff alleging violations of his constitutional rights. Plaintiff has engaged in discovery and the Defendants have responded to Plaintiff discovery requests, providing Plaintiff two (2) callouts to review documents. (Exhibits B, E)

2. Regarding the issue of the May 27, 2008 video, Plaintiff was initially advised based on information provided to the undersigned that because the excessive use of force claims were unsubstantiated, the videos did not exist. (Exhibit A, #25, Exhibit C, #18)

3. Subsequently, the undersigned was informed that a handheld video did exist, advised the Plaintiff of that fact and it was produced for his review on July 30, 2009. (Exhibit D, E) The wing video does not exist due to Daughtry's claims of abuse being unsubstantiated and the video therefore was not retained. (Exhibit F-Clemons' Affidavit)

4. Despite this knowledge Plaintiff insists on filing the instant motion to compel.

**MEMORANDUM OF LAW**

Daughtry alleges the undersigned has refused to produce a wing video. His claims is untrue because the wing video no longer exists. Daughtry's claims of abuse were unsubstantiated (doc. 27, Exhibit J), therefore the wing video was not retained.(Exhibit F)  Daughtry's citation to Rules 33-602.033(4)(10)(12), and 33-601.304(F), Florida Administrative Code, do not support his claim of a duty to retain video. The former rule does not exist and the latter has nothing to do with video retention. Defendants cannot be compelled to produce that which they do not have.

Because production responses have been served and Daughtry has had the opportunities to review that to which the Defendants have not objected, Daughtry provides no basis to compel. See generally, Tate v. United States Postal Serv., 2007 U.S. Dist. LEXIS 10086 (S.D. Fla. Feb. 14, 2007).

Wherefore, the Defendants respectfully requests that the Court deny the Plaintiff's request.

    Respectfully submitted,
**BILL MCCOLLUM**
**ATTORNEY GENERAL**

s/Mark J. Hiers
MARK J. HIERS  Florida Bar No.: 0992712
Assistant Attorney General
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
mark.hiers@myfloridalegal.com
Attorney for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by U.S. Mail to: Phillip Daughtry, DC# K53079, Union Correctional Institution, 7819 NW 228th Street, Raiford, Florida 32026-4000, on this 28th day of September, 2009.

s/Mark J. Hiers
MARK J. HIERS
