**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

PHILLIP DAUGHTRY,

          Plaintiff,

                                Case No. 3:09-cv-67-J-32JRK

SGT. KENT, et al.,

          Defendants.

_____

**ORDER**[1]

**I. Status**

      Plaintiff, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff names the following employees of Union Correctional Institution as Defendants: (1) Sergeant John Kent; (2) Correctional Officer Julian Bullard; (3) Correctional Officer Tina Wheeler; (4) Nurse Alicia Forsyth; (5) Correctional Officer Barry Walden; (6) Warden Michael Hicks; and (7) Nurse Elise Payne.[2]

_____

  [1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

  [2] On July 1, 2009, an order (Doc. #S-1) was entered requiring Defendant Elise Payne to file a response to Plaintiff's Complaint within thirty days from the date of service of process. On July 29, 2009, service of process was executed by serving Defendant Payne. See Return of Service (Doc. #28). Because Defendant Payne did not file a timely response to Plaintiff's Complaint, the Court, on September 15, 2009, ordered Defendant Payne to show cause, within thirty days from the date of the order, why sanctions should not be imposed upon her. Defendant Payne has not responded. Thus, Defendant Payne will be required to show cause why a default should not be entered against her.

This cause is before the Court on Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. #27) (hereinafter Defendant's Motion).  Plaintiff has responded.[3]  See Plaintiff's "Motion of Reply to Dismissed the Defendant(s) Motion to Dismissed Plaintiff Complaint" (Doc. #29); "Index of Plaintiff Decl[a]ration Statement and Sworn Statement in Support of Plaintiff Motion to Dismissed Defendant(s) Motion to Dismissed Plaintiff Civil Right Complaint" (Doc. #30).  Thus, the Defendant's Motion is ripe for review.

## II. Plaintiff's Claims

Plaintiff alleges the following facts in support of his Complaint.  On May 26, 2008, Defendant Wheeler falsely claimed that Plaintiff was masturbating in her presence and told her boyfriend, Defendant Bullard, that he needed "to do something" about it.  Complaint at 9E.  Therefore, on May 27, 2008, Defendants Kent and Bullard attacked Plaintiff while he was in restraints.  During this unprovoked attack, Defendant Bullard repeatedly inserted something into Plaintiff's rectum.  Defendants Kent and Bullard also falsified prison disciplinary reports against Plaintiff in an attempt to cover up their misconduct.

Later that day, Plaintiff told Nurse Forsyth that he had been attacked and sexually assaulted; however, she merely wiped the blood from his wounds and sent him back to his cell without further treatment.  Nurse Forsyth also refused to document Plaintiff's injuries, which included bloodshot eyes, open wounds on his head and face, cuts to his face, head,

---

[3] The Court advised Plaintiff of the provisions of Fed. R. Civ. P. 56, notified him that the granting of a motion to dismiss or a motion for summary judgment would represent a final adjudication of this case which may foreclose subsequent litigation on the matter, and gave him an opportunity to respond.  See the Court's Order (Doc. #6) at 3-4.

wrist, knees, arm and ankles, and a painful injury to his back. She also failed to report the assault.

On May 28, 2008, Plaintiff told Nurse Payne that he had been attacked and sexually assaulted; however, she only assessed him from the front of the cell and did not examine his rectal area. She did not call her supervisor or ask a doctor what she should do. After she left the wing, Plaintiff cut himself in an attempt to obtain medical assistance. Nurse Payne said that Plaintiff was suicidal, even though she knew he was not. She refused to treat Plaintiff further and failed to report the attack.

Defendant Walden failed to intervene to prevent the misconduct of his fellow officers. Additionally, Defendant Walden repeatedly failed to provide Plaintiff with meals. Defendant Hicks was aware that Plaintiff's life was in danger; however, he failed to take any action to prevent the abuse.

Based upon these allegations, Plaintiff raises the following claims: (1) Defendant Kent violated Plaintiff's rights under the Eighth and Fourteenth Amendments and also committed assault and battery under state law; (2) Defendant Bullard violated Plaintiff's rights under the Eighth and Fourteenth Amendments and also committed assault and battery under state law; (3) Defendant Wheeler violated Plaintiff's rights under the Eighth and Fourteenth Amendments and also committed assault and battery under state law; (4) Defendant Walden violated Plaintiff's rights under the Eighth and Fourteenth Amendments and also committed assault and battery under state law by failing to intervene to prevent the abuse by other officers and was also grossly negligent when he denied Plaintiff his meals; (5) Defendant Hicks violated Plaintiff's rights under the Eighth and Fourteenth Amendments, committed

3

assault and battery under state law and was negligent when he failed to prevent the abuse by other officers;  (6) Defendant Forsyth violated Plaintiff's rights under the Eighth and Fourteenth Amendments, committed assault and battery under state law and was grossly negligent when she failed to document Plaintiff's injuries, failed to adequately examine and treat Plaintiff and failed to report the abuse; and (7) Defendant Payne violated Plaintiff's rights under the Eighth and Fourteenth Amendments, committed assault and battery under state law and was grossly negligent when she failed to document Plaintiff's injuries, failed to adequately examine and treat Plaintiff and failed to report the abuse.

### III.  Standard of Review

"[W]hen considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged by in the complaint as true." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citation omitted).  Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Crawford v. Carroll, 529 F.3d 961, 964 (11th. Cir. 2008) (citing Fed. R. Civ. P. 56(c) and Wilson v. B/E/Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004)).

"The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at

4

trial."  Allen v. Bd. of Pub. Educ. for Bibb County, 495 F.3d 1306, 1313 (11th Cir. 2007)

(citations omitted).

> "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial."  Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324, 106 S.Ct. 2548).[4]

Id. at 1314; see also Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits

a proper summary judgment motion to be opposed by any of the kinds of evidentiary

materials listed in Rule 56(c), except the mere pleadings themselves").

## IV. Law and Conclusions

## A. Claims Against Warden Hicks

Defendants contend that the claims against Warden Hicks must be dismissed[5]

because Plaintiff failed to exhaust his available administrative remedies with respect to those

claims.  The Prison Litigation Reform Act (hereinafter PLRA) amended The Civil Rights of

Institutionalized Persons Act, 42 U.S.C. § 1997e, to read as follows:

---

[4] Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

[5] While the Defendants' Motion is supported by affidavits and other documents, it will not be construed as a motion for summary judgment with respect to any claims that are being decided on the basis of exhaustion.  See Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) ("Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it 'should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment.'") (footnote and citations omitted).

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits" and is mandatory under the PLRA.  Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008); Jones v. Bock, 549 U.S. 199, 211 (2007); Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.") (citation omitted).

The Florida Department of Corrections provides a three-step grievance procedure. First, an inmate must normally submit an informal grievance "to the staff member who is responsible in the particular area of the problem."  See Chapter 33-103.005(1) of the Florida Administrative Code (hereinafter F.A.C.).  If the issue is not resolved or the inmate receives no response to the informal grievance within the time allotted, the inmate must then file a formal grievance at the institutional level.  See Chapter 33-103.006, F.A.C.; Chapter 33-103.011(4), F.A.C.  If the matter is not resolved at the institutional level or the inmate receives no response to the formal grievance within the time allotted, the inmate must file an appeal to the Office of the Secretary of the Florida Department of Corrections.  See Chapter 33-103.007, F.A.C.; Chapter 33-103.011(4), F.A.C.  However, an inmate may bypass the first step of this grievance procedure if his grievance concerns medical issues and file a formal grievance directly at the institutional level.  See Chapter 33-103.006(3)(e),

6

F.A.C.  Upon review of Plaintiff's grievances, which are appended to his Complaint, this Court agrees that Plaintiff failed to exhaust his claims against Warden Hicks.

Additionally, the Defendants contend, and this Court agrees, that Plaintiff is attempting to hold Defendant Hicks liable under a theory of respondeat superior.

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." Belcher v. City of Foley, Ala., 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted).  "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234 (internal quotation marks and citation omitted). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990).

> "The necessary causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so.'" Cottone, 326 F.3d at 1360 (citation omitted). "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671.  A plaintiff can also establish the necessary causal connection by showing "facts which support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so," Gonzalez, 325 F.3d at 1235, or that a supervisor's "custom or policy . . . resulted in deliberate indifference to constitutional rights," Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991).

Danley v. Allen, 540 F.3d 1298, 1314 (11th Cir. 2008).

Here, Plaintiff has not alleged any facts that would lead this Court to conclude that Defendant Hicks was on notice of the need to correct any widespread abuse of inmates.  Nor has he alleged any facts that would support his conclusory claim that this Defendant knew his subordinates would act unlawfully and failed to stop them from doing so.  Furthermore, Plaintiff has failed to allege any facts that would support his state law claims of assault, battery and negligence against this Defendant.  Thus,  the Defendants' Motion will be granted to the extent that the claims against Warden Hicks will be dismissed.

### B. Claims Against Defendant Wheeler

As noted previously, Plaintiff alleges Defendant Wheeler falsely claimed that Plaintiff was masturbating in her presence and told her boyfriend, Defendant Bullard, that he needed "to do something" about it.  Complaint at 9E.  He further alleges that she knew the assault had occurred, but failed to report it to anyone.  Id.  Thus, Plaintiff contends that Defendant Wheeler violated his rights under the Eighth and Fourteenth Amendments.  Id. at 8B, 9E-9F. Plaintiff also alleges that her conduct constitutes and assault and battery under state law. Id. at 8B, 9F.

Defendants assert that the claims against Defendant Wheeler must be dismissed because there is no causal connection between her acts or omissions and any constitutional deprivation.  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law."  Richardson v. Johnson, No. 08-16795, 2010 WL 693629 (11th Cir., Mar. 2, 2010) (per curiam) (citations omitted).

Furthermore, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986)).

Plaintiff's claim that Defendant Wheeler falsified a prison disciplinary report alleging that Plaintiff masturbated in her presence fails to state a claim of federal constitutional dimension. See Palmisano v. Bureau of Prisons, 258 Fed.Appx. 646, 648 (5th Cir. 2007) (per curiam) (not selected for publication in the Federal Reporter) (finding that the plaintiff's "assertion that defendants brought false charges against him does not alone implicate his constitutional rights"); Freeman v. Rideout, 808 F.2d 949 (2nd Cir. 1986) (finding that the filing of a false or unfounded misconduct charge against an inmate does not constitute a deprivation of a constitutional right), cert. denied, 485 U.S. 982 (1988).

Additionally, Plaintiff fails to state a sufficient causal connection between any acts or omissions of Defendant Wheeler and any constitutional deprivation. Even assuming she told Defendant Bullard that he needed to do something about Plaintiff's masturbating in her presence, Plaintiff has neither alleged nor shown that she intended, suggested or directed that Defendant Bullard beat or otherwise abuse Plaintiff. Furthermore, there is no causal connection between her alleged failure to report that the assault had occurred and any constitutional deprivation. Finally, Plaintiff's own allegations do not support his claim that this Defendant assaulted and battered him. Accordingly, Defendants' Motion will be granted to

the extent that claims against Defendant Wheeler will be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

### C. Claims Against Defendants Kent and Bullard

As noted previously, Plaintiff alleges that Defendants Kent and Bullard attacked him while he was in restraints and that during this unprovoked attack, Defendant Bullard repeatedly inserted something into Plaintiff's rectum.  Defendants assert that Plaintiff has failed to establish an Eighth Amendment violation with respect to these two Defendants because Defendants Kent and Bullard deny abusing Plaintiff and claim that they used only the amount of force necessary to subdue Plaintiff after he kicked Officer Bullard.  See Defendants' Motion at 11-12; Ex. B; Ex. C.

The Eleventh Circuit has set forth the standard for an excessive use of force claim for an inmate:

> In both Fourteenth and Eighth Amendment excessive force claims, whether the use of force violates an inmate's constitutional rights "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973) (establishing the standard for an Eighth Amendment excessive force claim); see Bozeman v. Orum, 422 F.3d 1265, 1271 (11th Cir. 2005) (applying the Whitley test in a Fourteenth Amendment excessive force case). If force is used "maliciously and sadistically for the very purpose of causing harm," then it necessarily shocks the conscience. See Brown v. Smith, 813 F.2d 1187, 1188 (11th Cir. 1987) (stating that the Eighth and Fourteenth Amendments give equivalent protections against excessive force).  If not, then it does not.

Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (per curiam).

Here, the Plaintiff and the Defendants have submitted numerous affidavits and documentation which contradict each other's assertions.  In reviewing a motion for summary judgment, "[i]f there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor."  Allen v. Board of Public Educ. for Bibb County, 495 F.3d at 1314 (citing Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003)).  If Plaintiff's evidence is to be believed, there was no need to apply any force and he was attacked "maliciously and sadistically for the very purpose of causing harm."  Cockrell, 510 F.3d at 1311 (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)).  Thus, Defendants' Motion will be denied with respect to Plaintiff's Eighth Amendment and assault and battery claims against Defendants Kent and Bullard because there are genuine issues of material fact that prevent the entry of summary judgment.

### D.  42 U.S.C. § 1997e(e)

Defendants contend that Plaintiff has not suffered an injury sufficient to withstand 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").  Motion for Summary Judgment at 12-15.  "In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis."  Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1312-13 (11th Cir. 2002) (citation omitted).  This Court concludes that further factual development is needed

to determine whether Plaintiff's injuries were *de minimis*.[6]   Even if he sustained only *de minimis* injuries, construing Plaintiff's Complaint liberally, Plaintiff would still be entitled to nominal damages if he prevailed at trial.   Thus, 42 U.S.C. § 1997e(e) does not provide a basis for dismissing this case at this time.

## E. Claims Against Defendant Walden

Plaintiff claims that Defendant Walden violated his constitutional rights "by failing to intervene the misconduct of his follower [sic] officers['] malicious and sadistic misconduct." Complaint at 9J.   Plaintiff does not allege any other facts in support of this conclusory failure to intervene claim.   See id. at 8C, 9J-9K.   Thus, Defendants contend that summary judgment should be entered in Defendant Walden's favor with respect to this claim.

> The law of this circuit is that '"an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'" Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002) (quoting Fundiller v. Cooper City, 777 F.2d 1436, 1441-42 (11th Cir. 1985)); Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000). Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow. Id.

Velazquez v. City of Hialeah, 484 F.3d 1340, 1341-42  (11th. Cir. 2007) (per curiam).

Defendant Walden has provided an affidavit in which he denies Plaintiff's allegations and states, "I did not observe and have no first hand knowledge of the use of force that occurred on May 27, 2008 on V-Dorm with Daughtry and Sergeant Kent and Officer Bullard." Ex. D.   This Court finds that Defendant Walden has met his initial burden of showing this

---

[6] As previously noted, Plaintiff claims that Defendants Forsyth and Payne failed to document Plaintiff's numerous injuries that resulted from the alleged attack on May 27, 2008.

Court, by reference to his affidavit, that there are no genuine issues of material fact that should be decided at trial because he alleges that he did not observe the use of force. Because Defendant Walden has met this initial burden, Plaintiff is required to present his own documentation (affidavits, depositions, answers to interrogatories, admissions on file, etc.) to show that there is a genuine issue for trial.  Plaintiff did not allege in his Complaint that Defendant Walden actually observed the use of force nor has he provided any evidence that Defendant Walden was present at the relevant time.  None of Plaintiff's grievances allege that Defendant Walden was present nor do any of the affidavits submitted by witnesses to the events in question state that Defendant Walden was present.  Because Plaintiff has failed to provide any evidence to support his conclusory claim that Defendant Walden failed to intervene to prevent the abuse on May 27, 2008, summary judgment will be entered in favor of Defendant Walden with respect to this claim.

Plaintiff also makes a conclusory claim that Defendant Walden "constantly" denied Plaintiff his right to receive his meals.  Complaint at 8C, 9K.  Plaintiff does not allege any other facts in support of this claim, and his affidavit merely reasserts that Defendant Walden "constantly" denied Plaintiff his right to receive his meals.  Plaintiff's "Decl[a]ration"[7] at 7. Plaintiff does not allege how many meals Defendant Walden refused to provide or whether he suffered any injury or weight loss from missing meals.  In some of the grievances

_____

[7] Plaintiff's Declaration, made under penalty of perjury, is appended to the "Index of Plaintiff Decl[a]ration Statement and Sworn Statement in Support of Plaintiff Motion to Dismissed Defendant(s) Motion to Dismissed Plaintiff Civil Right Complaint" (Doc. #30).

appended to the Complaint, Plaintiff complained that he was being denied some of his lunch-time meals; however, it is not clear how many days he was deprived of his lunch.

In his affidavit, Defendant Walden states that he "never refused Daughtry his meals at any time."  Ex. D.  However, even assuming Plaintiff's allegations are true, Defendants assert that Plaintiff has failed to state a claim of federal constitutional dimension.

> Some courts that have considered factually similar situations have indicated that such deprivations are not of a constitutional magnitude.  See, e.g., Gardner v. Beale, 780 F.Supp. 1073 (E.D. Va.1991), aff'd 998 F.2d 1008 (4th Cir. 1993) (providing prisoner with only two meals per day, with an 18-hour interval between dinner and brunch, did not satisfy objective component of Eighth Amendment standard); Green v. Ferrell, 801 F.2d 765, 770-71 (5th Cir. 1986) (even on a regular, permanent basis, two meals a day may be adequate); see also Talib v. Gilley, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (finding it "doubtful" that [a] prisoner missing fifty meals in five months "was denied anything close to a minimal measure of life's necessities," and commenting that "[m]issing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period."); Berry v. Brady, 192 F.3d 504, 506-08 (5th Cir. 1999) (finding that denying an inmate eight meals over seven months because of the inmate's failure to shave did not meet the objective component, and noting that the prisoner had not alleged any specific physical harm, nor had he claimed that he lost weight or suffered other adverse physical effects or had his health put at risk); Adair v. Okaloosa County Jail, No. 3:07cv425/MCR/EMT, 2008 WL 564616 (N.D. Fla. Feb.17, 2008) (unpublished opinion) (concluding that deprivation of one meal does not satisfy Eighth Amendment standard).

Sylvestre v. Williams, No. 3:08cv488/LC/MD, 2009 WL 62650, at *1 (N.D. Fla. Jan. 8, 2009).

Here, Plaintiff does not allege that being deprived of several lunches resulted in any weight loss or had any other adverse impact on his health.  Additionally, as noted by Defendants, Plaintiff's health records do not reflect that he lost weight during this time period.

See Ex. H5-H8.  Thus, this Court agrees that this claim does not rise to the level of a federal constitutional violation.  Accordingly, summary judgment will be entered in favor of Defendant Walden with respect to this claim.

### F.  Deliberate Indifference Claim Against Defendant Forsyth

Plaintiff alleges that Nurse Forsyth was deliberately indifferent to his serious medical needs.  Complaint at 8E, 9F-9H.  Defendants assert that Plaintiff has failed to state a cognizable deliberate indifference claim.

"To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry."  Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (quoting Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).  First, the plaintiff must satisfy the objective component by showing that he had a serious medical need.  Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007).

> "A serious medical need is considered 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Id.  (citing Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)).  In either case, "the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm."  Id. (citation and internal quotations marks omitted).

Brown, 387 F.3d at 1351.

To satisfy the subjective component, a plaintiff must show that the prison official acted with deliberate indifference to his serious medical need.  Goebert, 510 F.3d at 1326.

> In Estelle[8], the Supreme Court established that "deliberate indifference" entails more than mere negligence. Estelle, 429 U.S. at 106, 97 S.Ct. 285; Farmer,[9] 511 U.S. at 835, 114 S.Ct. 1970. The Supreme Court clarified the "deliberate indifference" standard in Farmer by holding that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. 1970 (emphasis added).      In interpreting Farmer and Estelle, this Court explained in McElligott[10] that "deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." McElligott, 182 F.3d at 1255; Taylor,[11] 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need").

Farrow, 320 F.3d at 1245-46.

As noted previously, Plaintiff claims that on May 27, 2008, he told Nurse Forsyth he had been attacked and sexually assaulted; however, she merely wiped the blood from his wounds and sent him back to his cell without further treatment. Complaint at 9F. Nurse Forsyth also refused to document Plaintiff's injuries, which included bloodshot eyes, open wounds on his head and face, cuts to his face, head, wrist, knees, arm and ankles, and a painful injury to his back. Id. at 9G. She also failed to report the assault. Id.

---

[8] Estelle v. Gamble, 429 U.S. 97 (1976).

[9] Farmer v. Brennan, 511 U.S. 825 (1994).

[10] McElligott v. Foley, 182 F.3d 1248 (11th Cir. 1999).

[11] Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000).

In her affidavit, Nurse Forsyth states the following:

> On May 27, 2008, at approximately 1:10 pm, I conducted a post use of force medical examination on Daughtry. Daughtry was ambulatory, alert and oriented to person, place, time and situation and responded verbally to questions. I noted he had a 3/4 inch laceration under his right eye. Daughtry denied any visual changes and his pupils were equal, round, and reactive to light and accommodation. Daughtry denied any other pain or opening anywhere else.

> If Daughtry had made any complaints about being sexually assaulted I would have noted his complaint in the emergency room record. Daughtry made no such complaint to me. The injuries that Daughtry alleged of black eyes, blood shot eyes, "busted open" head and face, cuts on face, head, wrists, knees, arms and ankles, with the exception of the minor laceration under his right eye, did not exist. If they had I would have documented those injuries and made an appropriate referral to the institutional physician if needed.

> I cleaned Daughtry's laceration with neosporin. The laceration was minor, did not require a bandage and did not require referral to a physician. Daughtry was released for return to his cell.

Ex. E-E1 (paragraph enumeration omitted).

Once again, the Plaintiff and the Defendants have submitted affidavits and documentation which contradict each other's assertions. If Plaintiff's evidence is to be believed, Nurse Forsyth ignored Plaintiff's claim that he had been sexually assaulted, refused to document his serious injuries, refused to treat those injuries and failed to refer him to a physician for treatment of the injuries. Thus, Defendants' Motion will be denied with respect to Plaintiff's Eighth Amendment claims against Defendant Forsyth because there are genuine issues of material fact that prevent the entry of summary judgment.

### G. Qualified Immunity

Defendants contend that they are entitled to qualified immunity.

> To receive qualified immunity, [a] public official must establish that he was engaged in a "discretionary function" at the time he committed the allegedly unlawful act. Holloman ex. rel. Holloman v. Harland, 370 F.3d 1252, 1263-64 (11th Cir. 2004) . . . . If the official demonstrates that he was engaged in a discretionary function, the burden shifts to the plaintiff to prove that the official is not entitled to qualified immunity. Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003). This requires plaintiff to satisfy the two-part test prescribed by the Supreme Court in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Under Saucier, a plaintiff must first show that the defendant violated a constitutional right and then demonstrate that the constitutional right was clearly established at the time of the alleged wrongful act. 533 U.S. at 201, 121 S.Ct. at 2156. If a court, after viewing all the evidence in the light most favorable to the plaintiff and drawing all inferences in his favor, determines that the plaintiff has satisfied these two requirements, the defendant may not obtain qualified immunity. Holloman, 370 F.3d at 1264.

Bryant v. Jones, 575 F.3d 1281, 1295 (11th Cir. 2009), cert. denied, No. 09-743, 2010 WL 596591 (Feb. 22, 2010).

Clearly, the Defendants were engaged in discretionary functions during the events in question. Additionally, this Court has found that Defendants Hicks, Wheeler and Walden did not violate Plaintiff's constitutional rights. Thus, Defendants Hicks, Wheeler and Walden are entitled to qualified immunity. However, with respect to the remaining federal constitutional claims against the Defendants, this Court is of the opinion that further factual development is necessary to determine whether the Defendants violated Plaintiff's clearly established constitutional rights.

## H. State Law Claims

Defendants contend that this Court should not exercise jurisdiction over Plaintiff's state law claims because the officers did not act with the requisite bad faith or malicious purpose. Defendants' Motion at 21-22.  This Court disagrees with this contention insofar as Plaintiff claims that Defendants Kent and Bullard assaulted and battered him and that Defendants Forsyth and Payne were negligent when they failed to document Plaintiff's injuries and failed to adequately examine and treat Plaintiff.

Defendants also assert that this Court should not exercise jurisdiction over Plaintiff's state law claims because Plaintiff has failed to state a claim of federal constitutional dimension.  This Court agrees that the following state law claims should be dismissed because Plaintiff has failed to state a federal constitutional claim against these three Defendants: (1) the assault and battery claims against Defendant Wheeler; (2) the assault, battery and negligence claims against Defendant Walden; and (3) the assault, battery and negligence claims against Defendant Hicks.

Additionally, this Court is of the opinion that the assault and battery claims against Defendants Forsyth and Payne should be dismissed as frivolous because Plaintiff's own allegations do not support such claims against these two Defendants.  See 28 U.S.C. § 1915A(b) (requiring a court to dismiss any portion of a complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief).

Thus, all of the state law claims, with the exception of the assault and battery claims against Defendants Kent and Bullard and the negligence claims against Defendants Forsyth and Payne will be dismissed.

Therefore, it is now

**ORDERED:**

1.     Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. #27) is **GRANTED** to the extent that: (1) the claims against Defendants Hicks and Wheeler will be dismissed without prejudice[12]; (2) summary judgment will be entered in favor of Defendant Walden with respect to Plaintiff's Eighth Amendment claims; and (3) the assault, battery and negligence claims against Defendant Walden will be dismissed. Judgment to the effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54. Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment (Doc. #27) is **DENIED** with respect to the remaining claims.

2.     The assault and battery claims against Defendants Forsyth and Payne are dismissed as frivolous. Judgment to the effect will be withheld pending adjudication of the action as a whole. See Fed. R. Civ. P. 54.

3.     Defendants Kent, Bullard and Forsyth shall file an answer to the remaining claims against them in the Complaint (the Eighth Amendment, assault and battery claims

---

[12] If Plaintiff can truthfully allege additional relevant facts concerning either Defendant Hicks or Defendant Wheeler, he may file an amended complaint concerning these Defendants within thirty days.

against Defendants Kent and Bullard and the Eighth Amendment and negligence claims against Defendant Forsyth) within **THIRTY (30) DAYS** from the date of this Order.

4.      Defendant Payne, within **THIRTY (30) DAYS** from the date of this Order, shall show cause why a default should not be entered against her.

5.      This case is referred to the assigned Magistrate Judge to conduct whatever settlement efforts are indicated.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of March, 2010.


TIMOTHY J. CORRIGAN
United States District Judge


ps 3/2
c:
Phillip Daughtry
Counsel of Record
The Honorable James R. Klindt, U.S. Magistrate Judge